FILED

2009 Apr-14  PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
09 APR 13 PM 3:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEPHEN MORRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **NCO FINANCIAL SYSTEMS,** | ) | |
| **INC., a Corporation,** | ) | CV-09-P-0710-S |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

## JURISDICTION

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA[1]") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.  This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.    The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.    Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## PARTIES

5.    Plaintiff Stephen Morrison (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant NCO Financial Systems, Inc., ("Defendant" or "NCO") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama.  Its principal place of business is the State of Pennsylvania and it is incorporated in Pennsylvania.

7.    The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

8.   Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.   Defendant allegedly purchased or was assigned the debt and began harassing collection activities against Plaintiff.

10.  In March, 2009, Defendant called Plaintiff's work number with an autodialer and left a message on the main store's voicemail, which can be accessed by all employees.

11.  Two days later, Anthony Lucas, the store manager, called Defendant to find out who Defendant was looking for.

12.  Defendant, through its employee collector (who said her name was Stacy), asked Mr. Lucas what number Defendant called.  Mr. Lucas told Stacy the number for the store.

13.  Mr. Lucas informed Defendant of his name when he called.

14.  Defendant's collector Stacy said Defendant was calling for Stephen Morris and asked Mr. Lucas if he was the Plaintiff.  Mr. Lucas told Stacy that he was not Mr. Morris.

15.  Defendant asked Mr. Lucas did they call the wrong number and Mr. Lucas replied he did not think he should give out any information.

16.   Mr. Lucas told Plaintiff about the call with Defendant.

17.   This is one of the most egregious type of violation of the FDCPA – contacting third parties to collect the debt with full knowledge of the damage this type of invasion of privacy will cause.

18.   This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

19.   This was very distressing and upsetting to the Plaintiff.

20.   Plaintiff never gave Defendant or any creditor his work number and therefore Defendant had no right or basis to use an autodialer to contact Plaintiff or third parties at Plaintiff's work.

## SUMMARY

21.   All of the above-described collection communications made to third parties by Defendant and collection agents of Defendant were made in violation of numerous and multiple provisions of the FDCPA.

22.   The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

23.    The abusive collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish.

24.    Defendant's contact with third parties was an invasion of Plaintiff's privacy and right to financial privacy.

25.    Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused him unnecessary distress.

26.    Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, and loss of money which was only paid due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

27.    The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

28.    The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

29.    By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

30.    Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

31.    Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

34.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) (47 U.S.C. § 227)

35.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36.   Defendant has violated the TCPA by the calls made to Plaintiff, specifically the calls by illegal automatic dialers (or "predictive dialers") that have been unleashed against Plaintiff by Defendant.

37.   There is no exception or justification for the violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant to use auto dialers against his work phone.

38.   Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.   47 U.S.C. § 227(b)(3).

39.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

40.   All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

### COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

41.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

43.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

44.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

45.    Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

46.    Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

47.    Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the

course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

48.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

49.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

50.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

51.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT IV.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

52.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53.   Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the

Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNT II.

## TCPA

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

- statutory damages of $500.00 or $1,500.00 per call; and

- for such other and further relief as may be just and proper.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

NCO Financial Systems, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109